IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DYDM IRREVOCABLE LIVING TRUST,** *by and through its Trustee Darin Jay Fansler*, <br> Plaintiff, <br><br> V. <br><br> **NEWREZ LLC, d/b/a SHELL POINT MORTGAGE SERVICING,** <br> *Defendant*. | §§§§§§§§§§§ | CIVIL NO. 4:25-CV-507-P |

## ORDER RECOMMENDING DISMISSAL
## AND RETURNING CASE TO DISTRICT JUDGE

The above-styled and numbered action is before the Court by Notice of Removal filed by Defendant NewRez LLC ("NewRez") [doc. 1]. Plaintiff DYDM Irrevocable Living Trust, by and through its Trustee Darin Jay Fansler, ("Plaintiff") originally initiated this action on April 15, 2025, by filing an Original Petition to Quiet Title in the 67th District Court of Tarrant County, Texas, Cause No. 067-363673-25. (Defendant's Notice of Removal ("Notice of Removal"), [doc. 1] at Exhibit ("Ex") C-1.) On May 19, 2025, the Court ordered Plaintiff to file a form amended complaint and comply with the local rules on or before June 6, 2025 [doc. 5]. To comply with the local rules, the Court ordered Plaintiff to register an email address and register as an electronic case ("ECF") filer or file a motion for exemption from the ECF requirements.[1] The Court's Order further provided that "**Failure to comply with this Order may result in appropriate sanctions, including recommending dismissal of this case without further notice.**" (*Id.* (emphasis in original).) As of the date of this order, Plaintiff has wholly failed to comply with the Court's May

---

[1] *See* Local Civil Rules 5.1(e) or (f).

Page | 1

19, 2025 Order by filing a form amended complaint and complying with the local rules or filing a motion for exemption.

Consequently, the Court **RECOMMENDS** that the above-styled and numbered case be **DISMISSED** for failing to comply with the Court's order.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until July 2, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 18, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE